AMENDED BLD-386                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1442
_____

NIGEL NICHOLAS DOUGLAS,
Appellant

v.

ROD JOSEPH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-01136)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2016

Before: KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Nigel Nicholas Douglas appeals the District Court's order granting a Motion to Dismiss. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## I.

Douglas, a federal inmate formerly housed at USP-Allenwood, filed this diversity action in April of 2013 raising Pennsylvania state law claims of replevin and conversion. Douglas is an artist. In addition to paintings and supplies in his cell, Douglas had paintings drying in the recreation department. In June 2010, he was placed in the Special Housing Unit. He alleges that there was no inventory form filled out for any of those items at that time. The Complaint alleges that in July 2010, Douglas was told that Appellee Rod Joseph had collected Douglas's paintings instead of allowing the unit officer to inventory them and place them with the rest of his belongings in SHU storage. Douglas began making requests for information about his paintings in mid-July 2010. Douglas alleges that Joseph visited him in SHU in August 2010 and told him that all of his paintings and supplies had been collected and would be shipped out for him if he was transferred.

On September 20, 2010, Douglas was transferred to USP-Victorville. On October 1, 2010, Douglas was issued his property, but his paintings and art supplies were missing. From October through December 2010, Douglas enlisted the help of USP-Victorville staff to contact USP-Allenwood staff on his behalf, but did not succeed in securing the

2

return of his belongings.  Douglas alleged the value of the eight paintings and supplies to be $527,000.

Joseph filed a Motion to Dismiss or, in the alternative, for Summary Judgment. The motion argued, inter alia, that diversity jurisdiction was lacking and that Douglas had exceeded the statute of limitations.  The District Court ruled against Douglas on both grounds and dismissed this action.  Douglas now appeals.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291.  Our standard of review of the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is plenary.  Solis v. Local 234, Transp. Workers Union, 585 F.3d 172, 176 (3d Cir. 2009). Likewise, we exercise plenary review over a District Court's decision to grant a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on statute of limitations grounds. Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997).

To invoke diversity jurisdiction, a controversy must be between citizens of different states,[1] and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a)(1).  Whether diversity jurisdiction exists is determined by examining "the facts as they exist when the complaint is filed."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).  We discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations.  See Horton v. Liberty

---

[1] Diversity of citizenship is not disputed here and is not at issue.  At all relevant times Douglas and Joseph are considered to have been residents of different states.

3

Mut. Ins. Co., 367 U.S. 348, 353 (1961); Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

District Courts should dismiss a case for failure to meet the amount in controversy requirement only if, from that face of the complaint, it is a "legal certainty" that the plaintiff cannot recover $75,000, or if, from the proofs, it appears to a legal certainty that the plaintiff is not entitled to that amount. St. Paul Mercury, 303 U.S. at 289. Stated differently, "[i]t must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify a dismissal for lack of subject matter jurisdiction." 14AA Charles Alan Wright et al., Federal Practice and Procedure § 3702 (4th ed. Supp. 2016). "[T]he question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." Suber, 104 F.3d at 583. In applying the "legal certainty" test established by St. Paul Mercury, this Court has stated that "dismissal is appropriate only if the federal court is *certain* that the jurisdictional amount cannot be met." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (emphasis added). The court should not consider in its jurisdictional inquiry "the legal sufficiency of [a plaintiff's] claims or whether the legal theory advanced by [a plaintiff] is probably unsound; rather, a court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover more than $[75,000]." Suber, 104 F.3d at 583.

4

Here, on the face of the Complaint, Douglas claims that his paintings had a value of $527,000 – specifically, $180,000, $90,000, $70,000, $45,000, $30,000, $30,000, and $30,000. He advances the theory that these values are based in part upon comparable auction and gallery sales. The District Court ruled that Douglas had not alleged facts to support his claims for damages, attributing the alleged values to sentimentality. In doing so, we believe that the District Court applied the incorrect standard. Here, Douglas alleged a particular value for his paintings and art supplies. We cannot say that this value was disproportionate because the paintings have gone missing and it is impossible to have them appraised. More importantly, however, the law commands that we accept Douglas's apparent good faith claim. The defendant, on the other hand, made no convincing effort to show that Douglas's claim was for less than the jurisdictional amount. While Douglas's paintings and supplies together may not be worth a total of $527,000, we cannot say that, to a legal certainty, they are not worth $75,000, and that is the proper test at this stage of the litigation. Because the District Court improperly found that the amount in controversy did not exceed $75,000 as required by 28 U.S.C. § 1332, it incorrectly found that it lacked subject-matter jurisdiction to hear Douglas's case.

However, the District Court properly dismissed this action on statute of limitations grounds.[2] There is a two-year statute of limitations for claims of conversion and replevin under Pennsylvania law. 42 Pa. Cons. Stat. Ann. § 5524(3); Zuk v. E. Pa. Psychiatric

---

[2] A statute-of-limitations defense may be raised by a Rule 12(b)(6) motion if the limitations bar is apparent on the face of the complaint. See Schmidt v. Skolas, 770 F.3d

Inst. of the Med. Coll. of Pa., 103 F.3d 294, 300 (3d Cir. 1996) ("The Pennsylvania statute of limitations on replevin is two years."); Shonberger v. Oswell, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) ("Conversion is an action at law and is, therefore, subject to the two-year statute of limitations."). In Pennsylvania, the statute of limitations begins to run when the cause of action accrues. See Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005). Under Pennsylvania law, "a cause of action arises or accrues . . . when the plaintiff could have first maintained the action to a successful conclusion." Kapil v. Ass'n of Pa. State Coll. & Univ. Faculties, 470 A.2d 482, 485 (Pa. 1983).

According to the Complaint, Joseph seized Douglas's paintings and supplies in July 2010. It was at that time that Douglas was injured, his claims accrued, and the two-year statute of limitations began to run. The limitations period expired in July 2012. However, Douglas did not file this action until April 2013. This action is therefore time-barred.

Douglas has asserted that he did not actually discover his paintings were missing until October 1, 2010, when he received his property at USP-Victorville. Even if it is true, the statute of limitations still expired well before April 2013. Douglas has also argued that he extended the statute of limitations period by not sending a formal demand letter until 2012 and 2013. It is clear, however, from the allegations in the Amended Complaint that Douglas formally sought the return of his paintings and supplies as early

241, 249 (3d Cir. 2014).

as October to December of 2010. Accordingly, the District Court correctly granted Joseph's Rule 12(b)(6) motion.

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the Motion to Dismiss Douglas's complaint. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Douglas's request for an extension of time to file a memorandum of law in support of his claims; he was advised by Clerk Order of June 2, 2016, that no further extensions of time would be granted.