IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Edward Eddington,          :
                     Appellant       :
                              :    No. 1040 C.D. 2019
        v.                       :
                              :    Submitted: January 31, 2020
Detective David Bixler, Detective    :
Sergeant Jeffrey Snell, West         :
Manchester Township Police          :
Department, Senior Deputy           :
Prosecutor Seth Bortner, Office of The   :
District Attorney York County,       :
Administrator George Jacobs,        :
York County Drug Task Force,        :
Commonwealth of Pennsylvania      :

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                       FILED: May 11, 2020

Jason Edward Eddington (Eddington) appeals, *pro se*, from the March 11, 2019 order of the Court of Common Pleas of York County (trial court), which sustained the preliminary objections to Eddington's "Petition for Writ of Replevin" (Complaint) for legal insufficiency, based on the statute of limitations, filed by Detective David Bixler, Detective Sergeant Jeffrey Snell, West Manchester Township Police Department, Senior Deputy Prosecutor Seth Bortner, Office of The District Attorney of York County, Administrator George Jacobs, York County Drug Task Force, and the Commonwealth of Pennsylvania (collectively, Defendants). The trial court also denied the motion for summary judgment filed by Eddington.

On May 21, 2018, Eddington filed his Complaint against Defendants in the trial court. As alleged in the Complaint, on July 25, 2012, Eddington had personal

property items located inside of a locked vehicle that was parked at a parking lot on Bannister Street in York, Pennsylvania. (Complaint ¶10.) Eddington averred that the personal property items in the vehicle included (1) a pair of size 10 Reebok sneakers; (2) colostomy supplies; and (3) a "zipped closed camouflaged medication/travel bag containing [his] camouflaged wallet that contained [$4,770.00] dollars cash that was nudged under the passenger side seat." *Id.* ¶11. According to Eddington, the total value of his personal items was $5,145.00. *Id.* ¶12.

Eddington asserted that on July 25, 2012, "one or more of the Defendant[s] . . . unlawfully searched and seized [Eddington's] said personal/private property/items from the inside cab of the . . . vehicle, and have continued to maintain the unlawful retention of [his] said property/items." *Id.* ¶13. Eddington averred that he has made numerous requests for the return of his personal items, including submitting motions for return of the property, but that Defendants have refused to return his items "despite numerous requests." *Id.* ¶15. Eddington also asserted that on March 23, 2015, Senior Deputy Prosecutor Seth Bortner and Administrator George Jacobs "acted together with the knowledge and intent to conspire and commit the criminal offenses of [p]erjury and/or [f]raud with intent to deceive" when they filed a "[p]etition for [f]orfeiture and [a]ffidavit based upon allegations that are documented and proven to be false, [] which includes but is certainly not limited to the date and year [Eddington's] personal/private/property items were unlawfully searched and seized by the Commonwealth." *Id.* ¶21.

In the Complaint, Eddington alleged that Defendants' seizure of and failure to return his items constituted an unreasonable search and seizure and infringement of his due process rights in violation of the United States and Pennsylvania Constitutions. *Id.* ¶¶14, 16-20. He also stated that the "Commonwealth [] ha[d] failed to seek and/or institute a [c]ivil [c]laim for [f]orfeiture in a timely manner as required" and, therefore, that the "[p]etition for [f]orfeiture must fail as a [m]atter of

2

[l]aw." *Id.* ¶22. Eddington asserted that his personal property items should be immediately returned to him; accordingly, he sought an order granting the "immediate **RETURN OF ALL [HIS] PROPERTY**," as well as monetary damages. *Id.* ¶¶ 23-24 (emphasis added). Attached to the Complaint were two affidavits, dated July 30, 2015, and September 17, 2015, respectively, in which Eddington verified that his personal items were seized on July 25, 2012. (Complaint, Ex. Nos. A-B.)

Thereafter, Defendants filed preliminary objections to the Complaint, in the nature of a demurrer, on the grounds that Eddington's claims were barred by the applicable statute of limitations and/or sovereign immunity and that Eddington could not recover monetary damages on his claims. Eddington filed a response to the preliminary objections. Moreover, before the trial court decided the preliminary objections, Eddington filed a motion for summary judgment containing a number of allegations that were not raised in the Complaint.

On March 11, 2019, the trial court sustained Defendants' preliminary objections based on the statute of limitations, denied Eddington's motion for summary judgment, and dismissed the Complaint. In its opinion, the trial court noted that on July 25, 2012, the West Manchester Police Department (WMPD) arrested Eddington for theft by deception, criminal conspiracy to commit theft by deception, and theft by unlawful taking in relation to a roofing and tree trimming scam. (Trial court op., March 11, 2019, at 2.) The trial court found that Detective David Bixler of the WMPD acquired a warrant for the search of a white Dodge Ram pick-up truck, and the items inventoried in the search were listed in Exhibit B to the Complaint. *Id.* The trial court observed that Eddington previously filed motions for return of property in the underlying criminal proceedings on May 6, 2013, September 20, 2013, December 31, 2013, January 27, 2014, and March 25, 2014. *Id.* The court also noted that on March 23, 2015, Senior Deputy Prosecutor Seth Bortner filed a petition for forfeiture

regarding Eddington's personal items. According to the trial court, the prior motions for return of property and petition for forfeiture remain unresolved. *Id.*

With respect to the instant matter, the trial court concluded that the defense of the statute of limitations may be raised via preliminary objections when the defense appears on the face of the pleading. *Id.* at 5. Although the trial court noted that Eddington argued in his response that preliminary objections are not the proper place to raise affirmative defenses, the trial court determined that "when a defense is so clear on the face of the pleading, the court may rule on it during the preliminary objection stage." *Id.*

The trial court concluded that the statute of limitations for replevin actions is two years and that the statute "does not begin to run until the right to bring an action arises; and the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights." *Id.* (citing *Fenton v. Ballick*, 821 F. Supp. 2d 755, 761 (E.D. Pa. 2011)). The trial court also determined that a replevin claim arises when a "defendant's possession is 'open, notorious, and under claim of right.'" (Trial court op., March 11, 2019, at 5) (quoting *Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College of Pennsylvania*, 103 F.3d 294, 300 (3d Cir. 1996)). The trial court held that "[n]ot only ha[d] the statute of limitations run, but [Eddington's] claim exceed[ed] it by three years, nine months, and twenty-seven days." (Trial court op., March 11, 2019, at 5.)

The trial court also observed that Eddington argued in his response that his claim was timely because the statute of limitations on a conversion claim does not begin to run until the plaintiff has made a demand for the property and the defendant has refused to deliver the property. *Id.* at 5-6. However, the trial court concluded that Eddington was mistaken because his claim was for replevin, rather than conversion. *Id.* at 6. Nonetheless, the trial court concluded that even if Eddington had made a conversion claim, Eddington had "made numerous demands for the return of his

4

property to which Defendants [had] ignored or refused" and, therefore, the statute of limitations had run on either a conversion or replevin claim. *Id.*

Finally, the trial court recognized that Eddington argued that the "trigger date" starting the running of the statute of limitations occurred on April 26, 2017, when the Superior Court denied his appeal in the criminal matter. *Id.* However, the trial court determined that Eddington was mistaken and that the statute of limitations began when Eddington "could have first maintained a successful action." *Id.* According to the trial court, the "correct start of the statute of limitations would have been when the Defendants exerted control over [Eddington's] property that was inconsistent with [his] ownership" and that Eddington "could have chosen to pursue his [r]eplevin [a]ction at that point" but "chose not to." *Id.* The trial court held that the "correct time to file the action would have been from July 25, 2012 to July 25, 2014," but that Eddington "did not file until May 21, 2018, almost four years beyond that date." *Id.* Thus, the trial court sustained Defendants' preliminary objections.

After Eddington filed his appeal, the trial court directed him to file a statement of errors complained of on appeal (Statement). Eddington filed his Statement on April 23, 2019. In addition to contending that the trial court erred in concluding that the statute of limitations had run, Eddington argued, *inter alia*, that the trial court erred in not conducting a hearing, issuing an order, and dismissing the Commonwealth's petition for forfeiture, and in failing to conduct a return of property hearing pursuant to Eddington's motions for return of property.

On April 24, 2019, the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), which relied on and incorporated its earlier opinion. (Trial court op., April 24, 2019, at 1.) The trial court also noted that the issues Eddington raised regarding his motions for return of property and the Commonwealth's petition for forfeiture were "not before [the court], and therefore were not addressed" and that "[t]hese matters complained of

5

were part of [Eddington's] criminal matters originally addressed by the [trial court] [c]rimnial [d]ivision docketed at CP-67-CR-7170-2012, CP-67-CR-7172-2012, CP-67-CR-7173-2012, and CP-67-CR-8156-2012." *Id.* at 1-2.

On appeal,[1] Eddington argues that (1) the trial court erroneously dismissed his Complaint; (2) the dismissal of his Complaint violated the United States and Pennsylvania Constitutions and the Pennsylvania Rules of Criminal and Civil Procedure; and (3) the trial court erroneously calculated the date when Eddington had an opportunity to file his Complaint and erroneously calculated the statute of limitations. Throughout his brief, Eddington makes a multitude of arguments that are somewhat indecipherable, but appears to argue in support of the merits of his Complaint, as well as to attack his underlying criminal conviction. Despite Eddington's many contentions, the only issue germane to his appeal is whether the trial

---

[1] "Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law." *Szoko v. Township of Wilkins*, 974 A.2d 1216, 1219 n.7 (Pa. Cmwlth. 2009). When "reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt." *Id.* Moreover, "such review raises a question of law as to which our standard of review is de novo and our scope of review is plenary." *Id.*

The question presented by a demurrer "is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *MacElree v. Philadelphia Newspapers, Inc.*, 674 A.2d 1050, 1054 (Pa. 1996). "In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1025 (Pa. Cmwlth. 2014).

court erred in sustaining Defendants' preliminary objections and dismissing the Complaint based on the statute of limitations.[2, 3]

We now turn to whether the trial court correctly concluded that the statute of limitations had run on Eddington's claim.[4] As Eddington filed an action in replevin,

---

[2] In his appeal, Eddington appears to attack the constitutionality of his underlying criminal conviction. He also repeatedly raises issues relating to the motions for return of property he filed in his underlying criminal proceedings. However, because the Post Conviction Relief Act, 42 Pa.C.S. §§9541-9546, is the exclusive state law remedy for persons challenging allegedly illegal convictions, we are unable to address the constitutionality of issues relating to his conviction. *See Commonwealth v. Hall*, 771 A.2d 1232, 1234 (Pa. 2001) (holding that the Post Conviction Relief Act is the exclusive state law remedy for challenging allegedly illegal convictions). Additionally, because Eddington filed the several motions for return of property in conjunction with his underlying criminal proceedings, they are not part of the instant civil matter. Hence, the only issue presently before this Court is whether the trial court erred in sustaining Defendants' preliminary objections to Eddington's replevin action.

[3] After the parties submitted briefs in this matter, Eddington filed a letter with this Court seeking to update this Court regarding supposedly newly received relevant issues of fact. However, because this was not the proper method to communicate with the Court, we will not consider it. *See* Rule 2501(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2501(a) (providing that after a case has been submitted on briefs, no communications may be made to the Court "except upon application").

[4] We observe that Defendants raised the affirmative defense of the statute of limitations in their preliminary objections to Eddington's replevin action. Eddington's brief contains no argument or discussion regarding whether it was improper for Defendants to raise a statute of limitations defense in their preliminary objections; accordingly, the issue is waived. *See City of Philadelphia v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004) (holding that a party's failure to develop an issue in the argument portion of his brief constitutes waiver of the issue). However, even if Eddington had not waived the issue, we would conclude that the trial court did not err in permitting Defendants to raise a statute of limitations defense in their preliminary objections.

Although an affirmative defense such as the statute of limitations typically must be raised in new matter, where the defense is clearly applicable from the face of the pleadings and the opposing party has not filed preliminary objections to the preliminary objections, the defense may be raised in preliminary objections. *McCulligan v. Pennsylvania State Police*, 123 A.3d 1136, 1140 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016); *Davis v. Commonwealth*, 660 A.2d 157, 159 (Pa. Cmwlth. 1995); *Factor v. Goode*, 612 A.2d 591, 592 (Pa. Cmwlth. 1992). More specifically, we have held that while it is ordinarily improper to raise a statute of limitations defense in preliminary objections,

7

we initially provide a brief overview regarding replevin claims. "The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another." *Valley Gypsum Co. v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). Thus, "[r]eplevin is a possessory action in which the issues are plaintiff's title and right of possession. The primary relief sought is the return of the property itself, the damages being merely incidental." *Id.* In order to be successful in a replevin action, the plaintiff must show not only that he has title, but that he also has the right to immediate possession. *International Electronics Co. v. N. S. T. Metal Products Co.*, 88 A.2d 40, 42-43 (Pa. 1952); *Marinkovich v. Vitteck* (Pa. Cmwlth., No. 1079 C.D. 2018, filed March 27, 2019), slip op. at 3 n.3; *Ford Motor Credit Co. v. Caiazzo*, 564 A.2d 931, 933 (Pa. Super. 1989). Under Pennsylvania law, replevin actions have a two-year statute of limitations. *Bundy v.*

---

"[w]here a party erroneously asserts substantive defenses in preliminary objections rather than to [sic] raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections."

*Borough of Nanty Glo v. Fatula*, 826 A.2d 58, 64-65 (Pa. Cmwlth. 2003) (quoting *Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992)); *see also Scavo v. Old Forge Borough*, 978 A.2d 1076, 1078-79 (Pa. Cmwlth. 2009) (same). Moreover, a *response* to the preliminary objections is an inadequate mechanism to contest the manner by which the defendant asserted the statute of limitations; instead, to challenge the defense the plaintiff must file his own *preliminary objection* to strike the defense from the defendant's preliminary objections. *Schneller v. Prothonotary of Montgomery County* (Pa. Cmwlth., No. 1316 C.D. 2016, filed September 12, 2017), slip op. at 6-7; *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014). Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

In the instant matter, although Eddington challenged the manner by which Defendants raised the statute of limitations defense in his *response* to their preliminary objections, he did not file preliminary objections to Defendants' preliminary objections. Accordingly, even if Eddington had not waived the issue of whether Defendants improperly asserted the statute of limitations defense by not developing it in his brief, he also waived any procedural defect by not properly raising the issue before the trial court. *See Schneller*, slip op. at 6-7; *Borough of Nanty Glo*, 826 A.2d at 64-65.

*Wetzel* (Pa. Cmwlth., No. 553 M.D. 2016, filed April 12, 2019), slip op. at 12 n.7, *appeal filed*, (Pa., No. 27 WAP 2019, filed May 13, 2019); *Robinson Coal Co. v. Goodall*, 72 A.3d 685, 689-90 (Pa. Super. 2013).

The trial court concluded that the two-year statute of limitations on Eddington's replevin claim began when he could have first maintained a successful action, which in its view occurred when Eddington's personal items were seized, *i.e.*, on July 25, 2012, and that Eddington filed the Complaint nearly four years beyond the expiration of the statute of limitations. We agree.

"In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005). Therefore, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Id.* "Normally, a cause of action accrues at the time the injury is inflicted." *Pennock v. Lenzi*, 882 A.2d 1057, 1060 (Pa. Cmwlth. 2005). For replevin actions, the cause of action accrues when a plaintiff's property is wrongfully taken or detained. *See Robinson Coal Co.*, 72 A.3d at 690; *Douglas v. Joseph*, 656 F. App'x 602, 605 (3d Cir. 2016).

Here, Eddington alleged that his property was wrongfully seized by Defendants on July 25, 2012. Therefore, his cause of action accrued on that date and his statute of limitations expired two years later on July 25, 2014. *See Robinson Coal Co.*, 72 A.3d at 690; *Douglas*, 656 F. App'x at 605. Yet, Eddington did not file his Complaint until May 21, 2018, which was nearly four years after the expiration of the statute of limitations.[5]

---

[5] While the Complaint is styled as a replevin action, we note that Eddington also alleges in the Complaint that Defendants violated his rights under the United States and Pennsylvania Constitutions. However, where plaintiffs allege violations of the United States Constitution and seek relief pursuant to 42 U.S.C. §1983, such claims are subject to a two-year statute of limitations in Pennsylvania. *Morgalo v. Gorniak*, 134 A.3d 1139, 1149 n.13 (Pa. Cmwlth. 2016); *Burger v.*

Eddington argues that his cause of action did not accrue until April 2017, when the Superior Court denied his appeal in the underlying criminal matter. However, Eddington provides no legal authority to support his position that the instant replevin action did not accrue prior to the Superior Court denying his appeal in the separate criminal matter.[6]

We recognize that the so-called "discovery rule applies to toll the statute of limitations in any case in which a party is reasonably unaware of his or her injury at the time his or her cause of action accrued." *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). Under the discovery rule, "the point at which a party should have been reasonably aware of his or her injury and its cause" fixes the commencement date of the statute of limitations period. *Id.*

There is nothing in the allegations of the Complaint to suggest that Eddington was unaware that his property was taken on the actual date of its seizure, July 25, 2012. Nevertheless, even if Eddington was initially unaware that his property was seized, the Complaint makes clear that Eddington was aware of the seizure relatively soon after it occurred.

For example, Eddington alleged in the Complaint that he has made numerous requests for the return of his personal items, including submitting motions

_____

*Borough of Ingram*, 697 A.2d 1037, 1041 (Pa. Cmwlth. 1997). Similarly, claims brought under the Pennsylvania Constitution are governed by a two-year statute of limitations. *Storch v. Miller*, 585 A.2d 1173, 1174 (Pa. Cmwlth. 1991); *see also Metzger v. Pike County* (Pa. Cmwlth., No. 432 C.D. 2012, filed December 13, 2012), slip op. at 18-19; *McGinness v. Nazareth Borough* (E.D. Pa., No. CIV.A. 13-7087, filed April 2, 2015), slip op. at 11-12, 2015 WL 1511051, at *5. Thus, even if Eddington's Complaint could be construed to contain constitutional claims, such claims would still be untimely under the two-year statute of limitations.

[6] Of course, as noted previously, our decision only applies to the statute of limitations for Eddington's instant replevin action and we do not address the statute of limitations for the motions for return of property that were filed in the underlying criminal matter.

for return of property. (Complaint ¶15.) In its opinion, the trial court observed that Eddington previously filed motions for return of property in his criminal proceedings on May 6, 2013, September 20, 2013, December 31, 2013, January 27, 2014, and March 25, 2014. (Trial court op., March 11, 2019, at 2.) Our review of the trial court's docket in Eddington's underlying criminal matters, at CP-67-CR-7170-2012, CP-67-CR-7172-2012, CP-67-CR-7173-2012, and CP-67-CR-8156-2012, confirms that Eddington did, indeed, file motions for return of property on these dates.[7] Thus, even if Eddington was initially unaware that his property was taken, his filing of several motions for return of property in his criminal proceedings establishes that he was aware his property had been seized by March 25, 2014, at the latest, meaning the two-year statute of limitations for his replevin claim expired by March 25, 2016, or over two years before he filed the instant action.[8]

---

[7] It is well-established that courts may take judicial notice of official court records, including public docket entries, when deciding preliminary objections. *See Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996); *see also Barnes v. Department of Corrections* (Pa. Cmwlth., No. 41 M.D. 2017, filed August 28, 2017), slip op. at 2 n.1; *Pryor v. PA Dept. of Corrections* (Pa. Cmwlth., No. 355 M.D. 2015, filed April 27, 2016), slip op. at 9-10.

[8] Eddington also argues that the statute of limitations on a "conversion" claim does not begin to run until a plaintiff makes a demand for the property and the defendant refuses to deliver it, but that here, Defendants have not refused to return his property. The Complaint does not mention a conversion claim and there is nothing in the Complaint to remotely suggest that Eddington raised a claim sounding in conversion, as opposed to replevin. Nevertheless, assuming *arguendo* that Eddington brought a conversion claim, we agree with the trial court that the statute of limitations on such a claim has run. *See* Trial court op. at 6.

"Conversion is a tort by which the defendant deprives the plaintiff of his right to a chattel or interferes with the plaintiff's use or possession of a chattel without the plaintiff's consent and without lawful justification." *Pittsburgh Construction Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. 2003). "Although the exercise of control over the chattel must be intentional, the tort of conversion does not rest on proof of specific intent to commit a wrong." *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.*, 777 A.2d 1090, 1095 (Pa. Super. 2001). "A plaintiff has a cause of action in conversion if he or she had actual or constructive possession of a chattel at the time of the alleged conversion." *Pittsburgh Construction Co.*, 834 A.2d at 581. In Pennsylvania, conversion claims, like replevin claims, are subject to a two-year statute of limitations. *Mikkilineni v. Amwest Surety*

Additionally, Eddington attached two affidavits to the Complaint, dated July 30, 2015, and September 17, 2015, respectively, in which he verified that his personal items were seized on July 25, 2012. (Complaint, Ex. Nos. A-B.) These affidavits demonstrate that Eddington knew that his property had been seized as of July 2015 and September 2015, respectively. Consequently, even if we were to use the later of these two dates as the date when Eddington discovered that his property had been taken, the two-year statute of limitations would have expired on September 17, 2017, which was nearly a year before he filed the Complaint in this action.

Although the Complaint does not contain any allegations suggesting that Eddington was unaware his property was seized on July 25, 2012, the Complaint's averments and attachments, as well as official record in his criminal proceedings, establish that Eddington knew his property was taken by September 2015, at the latest. Accordingly, reliance on the discovery rule to toll the statute of limitations would not salvage Eddington's otherwise untimely claims.

---

*Insurance Co.*, 919 A.2d 306, 313 (Pa. Cmwlth. 2007); *Wm. B. Tenny, Builder and Developer v. Dauphin Deposit Bank & Trust Co.*, 448 A.2d 1073, 1076 (Pa. Super. 1982). A conversion cause of action does not accrue until the plaintiff makes a demand for the property, and the defendant refuses to deliver it. *Norriton East Realty Corp. v. Central-Penn National Bank*, 254 A.2d 637, 639 (Pa. 1969); *Wm. B. Tenny, Builder and Developer*, 448 A.2d at 1076.

While Eddington argues that Defendants never refused to return his property, the Complaint alleges that Eddington "has made numerous requests for the return of" his property, including submitting motions for the return of his property, "and Defendants have refused to return said property/items back to [Eddington] despite numerous requests." (Complaint ¶15.) Further, as the trial court correctly determined, Eddington's numerous motions for return of his property in his criminal proceedings, which Defendants ignored, establish the demand and refusal requirements that triggered the running of the statute of limitations on a conversion claim. *See, e.g.*, *Serafini v. Mariani* (M.D. Pa., No. 3:CV-08-0469, filed March 31, 2010), slip op. at 13-14, 2010 WL 1342926, at *5-*6 (holding that the filing of a lawsuit is sufficient to satisfy the demand and refusal elements of a conversion action). Therefore, regardless of whether Eddington brought a replevin or conversion claim, the statute of limitations has run.

Because the statute of limitations has run on Eddington's replevin action, we affirm the trial court's order sustaining Defendants' preliminary objections and dismissing the Complaint.[9]

---

[9] Although we conclude that the trial court did not err in concluding that the instant action was untimely, we do not address and do not decide whether Eddington's motions for return of property, filed in his criminal matter, were timely.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Edward Eddington, :
                    Appellant :
                          :    No. 1040 C.D. 2019
                  v. :
                          :
Detective David Bixler, Detective :
Sergeant Jeffrey Snell, West :
Manchester Township Police :
Department, Senior Deputy :
Prosecutor Seth Bortner, Office of The :
District Attorney York County, :
Administrator George Jacobs, :
York County Drug Task Force, :
Commonwealth of Pennsylvania :

## *PER CURIAM*

## *ORDER*

AND NOW, this 11th day of May, 2020, the March 11, 2019 order of the Court of Common Pleas of York County is affirmed.