J-S21019-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DALE MICHAEL WAKEFIELD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT GILMORE | : | No. 1371 WDA 2019 |

Appeal from the Order Entered August 26, 2019
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  517 Civil 2019

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                         FILED JUNE 03, 2020

Appellant, Dale Michael Wakefield, appeals pro se from the August 26, 2019 Order entered in the Somerset County Court of Common Pleas Civil Division dismissing his Petition for Writ of Habeas Corpus and denying his request to proceed In Forma Pauperis ("IFP").  After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  Since 2014, Appellant has been serving a life sentence at SCI-Somerset imposed after he pleaded guilty to Murder and Aggravated Assault.

In early 2018, the Commonwealth charged Appellant with one count each of Criminal Homicide, Assault by Prisoner, and Aggravated Assault after prison staff discovered Appellant's cellmate dead in their shared cell in the Restricted Housing Unit.  On May 14, 2018, the Commonwealth filed a notice of aggravating circumstances and intent to seek the death penalty.  Appellant waived his right to counsel and filed pro se numerous pretrial motions.

On May 2, 2018, Appellant filed pro se[1] a Request to Proceed IFP and a Petition for Writ of Habeas Corpus in which he claimed that Criminal Homicide is not a valid charge and that it, therefore, fails to confer necessary subject matter jurisdiction over his case to the court of common pleas. The civil division of the Somerset County Court of Common Pleas transferred the Petition to the criminal division for disposition.

On January 25, 2019, the criminal trial court held a hearing on Appellant's Petition, and thereafter denied it.[2]

Relevant to this Appeal, on August 15, 2019, Appellant again filed pro se in the civil division a Petition for Writ of Habeas Corpus and request to proceed IFP raising the same issues and presenting the same arguments as in his May 2, 2018 Petition, i.e., that Criminal Homicide is a non-existent offense and that the criminal division of the court of common pleas, therefore, lacked subject matter jurisdiction. The civil division declined to transfer this Petition to the criminal division and, instead, denied Appellant's request to

_____

[1] See Docket Number 249 Civil 2018.

[2] The certified record for the instant appeal contains the Notes of Testimony from the January 25, 2019 hearing on Appellant's first Petition for Habeas Corpus and a copy of the Petition, admitted as an Exhibit.

proceed IFP and dismissed Appellant's Petition for Writ of Habeas Corpus.[3]

This appeal followed.[4]

Appellant raises the following issues for our review:

[1.] Whether the lower court judge abused his discretion in denying the Writ of Habeas Corpus by ignoring lack of subject matter jurisdiction?

[2.] Whether the lower court judge abused his discretion in denying the Writ of Habeas Corpus by ignoring and disregarding settled law and intervening binding precedent in the Pennsylvania Supreme Court's decision in Commonwealth v. Kemmerer, [] 584 A.2d 940 ([Pa.] 1991)?

[3.] Whether the lower court judge abused his discretion by unlawfully suspending the privilege of the writ of habeas corpus?

[4.] Whether the lower court judge abused his discretion and obstructed justice by violating [] Appellant's state and federal constitutional rights by suspending the writ of habeas corpus?

[5.] Whether the lower court judge abused his discretion and willfully disregarded substantive due process, along with procedural due process of Pa.R.Crim.P. 502?

[6.] Whether the lower court judge abused his discretion and cause[d] a miscarriage of justice by denying the writ of habeas corpus where there was no lawful authority to arrest and subsequently detain Appellant?

[7.] Whether the lower court judge abused his discretion and violated his oath of office by denying the writ of habeas corpus to an innocent petitioner?

_____

[3] The trial court ruled that Appellant's reliance on Commonwealth v. Kemmerer, 584 A.2d 940 (Pa. 1991), discussed infra, was misplaced and, therefore, his substantive claims were frivolous.

[4] Appellant complied with the trial court's Order to file a Pa.R.A.P. 1925(b) Statement. The trial court did not file a Rule 1925(a) Opinion.

[8.] Whether the lower court judge abused his discretion by suspending the writ of habeas corpus in violation of separation of powers?

Appellant's Brief at 2-3.

Each of Appellant's issues challenges the trial court's Order dismissing his second Petition for Writ of Habeas Corpus.

We review the denial of a petition for writ of habeas corpus for an abuse of discretion. Rivera v. Pa. Dep't of Corr., 837 A.2d 525, 528 (Pa. Super. 2003).

Before we address the merits of Appellant's claims, we consider whether Appellant's Petition was properly before the trial court.

Pursuant to the doctrine of res judicata, once a court of competent jurisdiction considers and decides an issue, the court's final judgment constitutes an absolute bar to a subsequent action involving the same claim. Mariner Chestnut Partners, L.P. v. Lenfest, 152 A.3d 265, 286 (Pa. Super. 2016). The application of res judicata "reflects the refusal of the law to tolerate a multiplicity of litigation." Day v. Volkswagenwerk Aktiengesellschaft, 464 A.2d 1313, 1316 (Pa. Super. 1983). The doctrine bars a subsequent action when both lawsuits contain the following elements in common:

(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties.

Robinson Coal Co. v. Goodall, 72 A.3d 685, 689 (Pa. Super. 2013) (citations and internal punctuation omitted). Moreover,

> [i]n determining whether res judicata should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. If the acts or transactions giving rise to causes of action are identical, there may be sufficient identity between two actions for the [holding] in the first action to be res judicata in the second.

Dempsey v. Cessna Aircraft Co., 653 A.2d 679, 681 (Pa. Super. 1995) (en banc) (internal citations and quotation marks omitted).

As noted above, Appellant had previously filed a Petition for Writ of Habeas Corpus in which, relying on Kemmerer, supra,[5] as he does here, he challenged the "existence" of the offense of Criminal Homicide and asserted that its "non-existence" resulted in the court's lack of subject matter jurisdiction over his case. See N.T., 1/25/19 at 14-20. After hearing argument, the criminal division of the Somerset County Court of Common Pleas dismissed Appellant's Petition.[6] Id. at 20.

_____

[5] In Kemmerer, the Pennsylvania Supreme Court held that Pa.R.Crim.P. 1120(d) did not preclude the Commonwealth from reprosecuting the defendant for second-degree murder, third-degree murder, and voluntary manslaughter after a jury found the defendant not guilty of first-degree murder and voluntary manslaughter. Kemmerer, 584 A.2d at 945. In so holding, the Court rejected the defendant's claim that because the various degrees of manslaughter and murder fell under the umbrella of criminal homicide, they are necessarily included in one another. Id. at 944-45.

[6] The trial court concluded that 18 Pa.C.S. § 2501(a), defining Criminal Homicide, is a constitutionally appropriate charge, and, therefore, Appellant's claims lacked merit.

In the instant Petition, filed at a separate civil docket number, Appellant raised the same claims and presented the same arguments as those previously adjudicated by the criminal division of the Court of Common Pleas. In particular, the factual allegations in the Petitions are the same, the acts giving rise to the relief sought by Appellant are the same, the identity and capacity of the parties are the same, and the relief sought is the same.

Following our review, we conclude that the doctrine of res judicata barred Appellant from seeking the same relief in the instant Petition.

Accordingly, the trial court did not abuse its discretion in dismissing Appellant's Petition for Writ of Habeas Corpus.

Order affirmed.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2020

_____

[7] It is well-settled that we may affirm on different grounds than those advanced by the trial court. Commonwealth v. Thompson, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001).