J-S11003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DALE MICHAEL WAKEFIELD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MICHAEL ZAKEN | |
| Appellee | No. 1066 WDA 2020 |

Appeal from the Order Entered September 23, 2020
In the Court of Common Pleas of Somerset County
Civil Division at No.: 2020-50505

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: AUGUST 10, 2021**

Appellant Michael Zaken *pro se* appeals from the September 23, 2020 order entered in the Court of Common Pleas of Somerset County ("trial court"), dismissing his third petition for writ of *habeas corpus* and denying his third request to proceed *in forma pauperis* ("IFP"). Upon review, we affirm.

The facts and procedural history of this case are uncontested.[1] Since 2014, Appellant has been serving a life sentence at SCI-Somerset imposed after he pled guilty to murder and aggravated assault. In early 2018, the Commonwealth charged Appellant with criminal homicide, assault by prisoner,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Unless otherwise specified, these facts come from this Court's June 3, 2020 Memorandum decision affirming the trial court's dismissal of Appellant's second petition for writ of *habeas corpus* and denying his second IFP petition. **Wakefield v. Gilmore**, No. 1371 WDA 2019, unpublished memorandum, at 1-3 (Pa. Super. filed June 3, 2020).

and aggravated assault after prison staff discovered Appellant's cellmate dead in their shared cell in the restricted housing unit. The Commonwealth filed a notice of aggravating circumstances and intent to seek the death penalty. Appellant waived his right to counsel and filed numerous *pro se* pretrial motions.

On May 2, 2018, Appellant *pro se* filed his first request to proceed IFP and his first petition for writ of *habeas corpus* (docket number 249 Civil 2018), claiming that criminal homicide is not a valid charge and that it, therefore, fails to confer necessary subject matter jurisdiction over his case to the court of common pleas. The civil division of the Somerset County Court of Common Pleas transferred the petition to the criminal division for disposition. On January 25, 2019, following a hearing, the criminal division (trial court) denied the petition. Appellant did not appeal this ruling.

On August 15, 2019, Appellant again filed in the civil division a *pro se* petition for writ of *habeas corpus*—his second—and a request to proceed IFP (docket number 517 Civil 2019) raising the same issues and presenting the same arguments as in his May 2, 2018 petition, *i.e.*, that criminal homicide is a non-existent offense and that the criminal division of the court of common pleas, therefore, lacked subject matter jurisdiction. The civil division declined to transfer the second petition to the criminal division and, instead, dismissed the petition and denied Appellant's request to proceed IFP. Appellant *pro se* appealed. Relying on the doctrine of *res judicata*, we affirmed the trial court's ruling on June 3, 2020. We reasoned that the claims raised in Appellant's

second petition mirrored the claims presented in his first petition, which was adjudicated by the criminal division of the trial court. Specifically, we concluded that the factual allegations in the petitions were the same, the acts giving rise to the relief sought by Appellant were the same, the identity and capacity of the parties were the same, and the relief sought was the same.

On September 17, 2020, Appellant filed the instant—his third—petition for writ of *habeas corpus* and request to proceed IFP in the civil division. In the petition, Appellant alleged that he "is being illegally, fraudulently, and unlawfully confined and restrained of his liberty at State Correctional Institute-Greene . . . by [r]espondent Michael Zaken, as superintendent." Petition for Writ of *Habeas Corpus*, 9/17/20, at ¶ 4. In particular, Appellant challenged the enforceability of Section 2501(a) of the Crimes Code, 18 Pa.C.S.A. § 2501(a), relating to criminal homicide and alleged that "there is no lawful, legal process that can be assumed to justify the illegal, false imprisonment, detention and warehousing of [Appellant]." *Id.* at ¶ 7. On September 23, 2020, the trial court denied the petition with prejudice, noting that it was barred by the doctrine of *res judicata*, as applied by this Court in its June 3, 2020 Memorandum decision issued in connection with Appellant's appeal from the trial court's denial of his second *habeas corpus* petition. Appellant *pro se* timely appealed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two handwritten issues for our review, which we reproduce verbatim.

- 3 -

[I.] Whether the lower court judge flagrantly abused his discretion to deny the writ of *habeas corpus* and the fraud perpetrated caused a complete and fundamental miscarriage of justice issued fatally depriving [Appellant] of his constitutional rights to due process under the United States and Pennsylvania constitutions where the courts to include quasi court of original jurisdiction lacked subject matter jurisdiction to prosecute in the instant related matter[.]

[II.] Whether the lower court judge flagrantly abused his discretion disregarding **Commonwealth v. McKenna**, 476 Pa. 428, 383 A.2d 174 (1978 Pa. Lexis 831) and **Commonwealth v. Kemmerer**, 526 Pa. 160, 584 A.2d 940 (Pa. 1991), both Pennsylvania Supreme Court precedents that must be applied in accordance to the constitutional safeguards of substantive due process, thus invoking the void *ab initio* doctrine to wit and the writ of *habeas corpus* must issue[.]

Appellant's Brief at iv (sic) (unnecessary capitalizations omitted). In essence, he opposes the trial court's dismissal of his third petition for writ of *habeas corpus* by which he challenged the enforceability of Section 2501(a), criminal homicide.[2]

Upon reviewing the record, as detailed above, we must agree with the trial court's conclusion that, consistent with our June 3, 2020 Memorandum decision, the claims raised in Appellant's third petition for writ of *habeas corpus* are barred by the doctrine of *res judicata*. Indeed, pursuant to the doctrine of *res judicata*, once a court of competent jurisdiction considers and decides an issue, the court's final judgment constitutes an absolute bar to a subsequent action involving the same claim. **Mariner Chestnut Partners,**

_____

[2] We review the denial of a petition for writ of *habeas corpus* for an abuse of discretion. **Rivera v. Pa. Dep't of Corr.**, 837 A.2d 525, 528 (Pa. Super. 2003).

- 4 -

*L.P. v. Lenfest*, 152 A.3d 265, 286 (Pa. Super. 2016). The application of *res judicata* "reflects the refusal of the law to tolerate a multiplicity of litigation." *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1316 (Pa. Super. 1983). The doctrine bars a subsequent action when both lawsuits contain the following elements in common: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." *Robinson Coal Co. v. Goodall*, 72 A.3d 685, 689 (Pa. Super. 2013) (citations and internal punctuation omitted). Moreover,

> [i]n determining whether *res judicata* should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. If the acts or transactions giving rise to causes of action are identical, there may be sufficient identity between two actions for the [holding] in the first action to be res judicata in the second.

*Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. 1995) (*en banc*) (internal citations and quotation marks omitted), *appeal denied*, 663 A.2d. 684 (Pa. 1995).

Here, as he did in his first two *habeas* petitions, Appellant challenges the enforceability of Section 2501(a) and, relatedly, the trial court's subject matter jurisdiction, claiming that "there is no lawful, legal process that can be assumed to justify [his] illegal, false imprisonment, detention and warehousing." The factual allegations across his three *habeas* petitions are the same, the acts giving rise to the relief sought by Appellant are the same, the identity and capacity of the parties are the same, and the relief sought is

the same. Thus, the trial court did not abuse its discretion in dismissing Appellant's third *habeas* petition on the basis of *res judicata*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/10/2021