J-A29019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN FEINGOLD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GPX FT APARTMENT PROPERTIES, | : | No. 1501 EDA 2018 |
| L.P., EAGLE ROCK MANAGEMENT LLC | : | |
| SUSAN KUPERSMITH SIRLIN LESSER | : | |
| & BENSON PC PATRICK TROY | : | |
| BERNARD BROWN ANASTASIA REED | : | |
| WHITNEY CHITTY ESTABAN MIRGOS | : | |

Appeal from the Order April 20, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  01731 December Term, 2017

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 22, 2019**

Appellant, Allen Feingold,[1] appeals *pro se* from the April 20, 2018 Order entered in the Philadelphia County Court of Common Pleas sustaining the Preliminary Objections filed by the above-captioned defendants ("Appellees")[2] and dismissing Appellant's Amended Complaint.  After careful review, we affirm.

The instant action is the third in a series of lawsuits arising from a July 2015 residential lease agreement (the "Lease Agreement") between Appellant

---

[1] Appellant, a disbarred former Pennsylvania attorney, proceeded *pro se* at all times relevant to the instant case.

[2] Appellant named all of these people and entities as defendants, but the primary issues raised in his Amended Complaint and Pa.R.A.P. 1925(b) Statement involve only GPX FT Apartment Properties, L.P.

---

*   Former Justice specially assigned to the Superior Court.

and Appellee GPX FT Apartment Properties, L.P. ("GPX"). GPX is the landlord of property located at 3601 Conshohocken Avenue, Apartment 506, in Philadelphia ("Apartment 506"). Appellant initially leased Apartment 506 from GPX for a term of one year effective July 1, 2015.

In 2016, GPX sued Appellant alleging Breach of Contract, Termination of Term, and Ejectment ("Case 1"). GPX claimed that Appellant failed to pay monthly rent and utility charges in accordance with the Lease Agreement, and that Appellant indicated that he would not vacate Apartment 506 at the end of the lease term. GPX sought damages for unpaid rent and utilities, and possession of Apartment 506.

In June 2016, the parties entered into a settlement agreement ("Settlement Agreement") wherein they agreed to extend the term of the Lease Agreement from June 30, 2016, to June 30, 2017. The parties executed and filed a *Praecipe* to Settle, Discontinue, and End Case 1.

More than a year later, on August 7, 2017, Appellant filed a Motion to Strike and/or Set Aside Alleged Settlement Agreement. Appellant alleged that GPX had breached the terms of the Settlement Agreement and Lease Agreement by:

> Failing to provide air conditioning during summer months, failing to promptly repair the garbage disposal, allowing large groups of barking dogs to reside in adjoining lease units, and violating the Americans with Disabilities Act by failing to provide handicap access to all entrances/exits of the common areas.

Case 1 Motion to Strike, 8/7/17.

On October 30, 2017, the trial court denied the Motion to Strike. This Court dismissed Appellant's appeal from that Order as untimely. ***See GPX FT Apartment Property, L.P. v. Allen L. Feingold***, No. 3679 EDA 2017 (Pa. Super. filed Feb. 16, 2018) (*per curiam*).

Meanwhile, in August 2017, GPX commenced a second action against Appellant after Appellant failed to vacate Apartment 506 in accordance with the terms of the Settlement Agreement ("Case 2"). GPX's three-count Complaint raised claims of Breach of Contract, Termination of Term, and Possession Due to Rental Default.

On October 30, 2017, Appellant filed an Answer and Counterclaim in Case 2 alleging that GPX had breached the terms of the Lease Agreement and Settlement Agreement by:

> Failing to provide air conditioning during the summer months, failing to promptly repair the garbage disposal, allowing large groups of barking dogs to reside in adjoining lease units, failing to return a security deposit, and violating the Americans with Disabilities Act.

Case 2 Counterclaim, 10/30/17, at

Following a trial in Case 2, on December 20, 2017, the jury found in favor of GPX and awarded it damages in the amount of $38,225.70 and possession of Apartment 506. The jury found against Appellant on his Counterclaim. Appellant appealed to this Court, but failed to file a timely Pa.R.A.P. 1925(b) Statement. Thus, on March 19, 2018, this Court dismissed Appellant's appeal. ***See GPX FT Apartment Properties, L.P. v. Allen L. Feingold***, No. 197 EDA 2018 (Pa. Super. filed Mar. 19, 2018) (*per curiam*).

On December 14, 2017, a week prior to the trial in Case 2, Appellant initiated the instant action ("Case 3") by filing a Complaint in which he alleged that GPX breached the terms of the Lease Agreement and Settlement Agreement. Appellees filed Preliminary Objections.

On January 29, 2018, Appellant filed a five-count Amended Complaint asserting claims of Fraud, Negligent Misrepresentation, Abuse of Process, Civil Conspiracy, and Breach of Contract.

On February 22, 2018, Appellees filed a Motion to Dismiss pursuant to Pa.R.C.P. No. 233.1.[3] Appellees averred that "[o]ther courts have twice rejected [Appellant's] claims based on the facts that form the basis of the [C]omplaint here." *Id.* Appellees argued that the claims Appellant raised in the current action were "related" to those in the prior actions and that those prior claims have been resolved. *Id.*

On February 23, 2018, Appellees filed Preliminary Objections in the nature of a demurrer to Appellant's Amended Complaint. Appellees also raised the defenses of *res judicata* and collateral estoppel, and alleged that the gist of the action doctrine bars Appellant's Fraud, Negligent Misrepresentation,

---

[3] Rule 233.1 provides, in relevant part, that a defendant may file a motion to dismiss an action brought by a *pro se* plaintiff when the *pro se* plaintiff is "alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants" and the claims were resolved pursuant to a written settlement agreement or a court proceeding. Pa.R.C.P. No. 233.1(a)(1-2).

Abuse of Process, and Civil Conspiracy claims.[4]. On March 15, 2018, Appellant filed an Answer to Appellees' Preliminary Objections and an Answer to the Motion to Dismiss.[5]

On April 20, 2018, the trial court issued two separate Orders. In one Order, the court granted Appellees' Motion to Dismiss and dismissed Appellant's Complaint with prejudice. In the other Order, the court sustained Appellees' Preliminary Objections and dismissed Appellant's Complaint with prejudice. In particular, the court found that, with respect to his Fraud, Negligent Misrepresentation, Abuse of Process, Civil Conspiracy, and Breach of Contract claims, Appellant had failed to state a claim upon which the court could grant relief. Trial Ct. Op., 7/30/18, at 6-10. The court also found that the doctrine of *res judicata* barred Appellant's claims. *Id.* at 10-13.

On May 21, 2018, Appellant filed a Notice of Appeal in which he indicated that he sought to appeal from the trial court's April 20, 2018 Order sustaining Appellees' Preliminary Objections and dismissing his Complaint.[6] Appellant

---

[4] The gist of the action doctrine precludes a plaintiff from bringing tort claims that are collateral to breach of contract claims. *Brickman Group, Ltd. V. CGU Ins. Co.*, 865 A.2d 918, 927 (Pa. Super. 2004).

[5] Although Appellant filed a separate Answer to Appellees' Motion to Dismiss, he also included argument in opposition to Appellees' Motion in his Answer to the Preliminary Objections, and *vice versa*.

[6] Appellant timely filed the Notice of Appeal as the 30th day following entry of the Order from which he appeals, May 20, 2018, fell on a Sunday.

did not file a separate Notice of Appeal from the separate Order granting Appellee's Motion to Dismiss under Pa.R.C.P. No. 233.1.

Both Appellant and the trial court complied with Pa.R.A.P. 1925.[7]

Appellant raises the following three issues on appeal:

1. Did the trial court err in dismissing [Appellant's] [C]omplaint [] pursuant to Pa.R.C.P. [No.] 233.1?

2. Did the trial court err in dismissing [Appellant's] [C]omplaint pursuant to principles of collateral estoppel and *res judicata*?

3. Did the trial court err in dismissing [Appellant's] [C]omplaint pursuant to the "gist of the action" doctrine?

Appellant's Brief at 3.

In his first issue, Appellant challenges the court's Order granting Appellees' Motion to Dismiss his Complaint pursuant to Pa.R.A.P. No. 233.1. As noted, *supra*, Appellant did not file a Notice of Appeal from this Order within 30 days of its entry. Rather, Appellant appealed only from the Order sustaining Appellees' Preliminary Objections. Appellant has, thus, failed to preserve his challenge to the Order granting Appellees' Motion to Dismiss and dismissing Appellant's complaint with prejudice on Rule 233.1 grounds, and we decline to address the merits of this claim. **See** Pa.R.A.P. 903(a) (explaining that, generally, a party must file a notice of appeal within 30 days after entry of the order from which he seeks to appeal).

---

[7] Because Appellant had only taken an appeal from the Order sustaining Appellees' Preliminary Objections, and not the Order granting Appellees' Motion to Dismiss, the court confined its Rule 1925(a) Opinion to addressing only the issues pertaining to the Order on appeal, and did not address its rationale for granting Appellees' Motion to Dismiss.

In his remaining issues, Appellant avers that the trial court erred in sustaining Appellees' Preliminary Objections on the basis of the doctrines of collateral estoppel/*res judicata* and the gist of the action.[8]  Appellant's Brief at 16-20.  We are guided by the following standard:

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.  When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.  Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.  If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Richmond v. McHale***, 35 A.3d 779, 783 (Pa. Super. 2012) (quoting ***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011)).

The doctrine of *res judicata* "reflects the refusal of the law to tolerate a multiplicity of litigation."  ***Day v. Volkswagenwerk Aktiengesellschaft***,

---

[8] Notably Appellant did not include a claim in his Statement of Questions Involved that the court erred in sustaining the Preliminary Objections in the nature of a demurrer.  Thus, to the extent Appellant argues in his Brief that his claims were legally sufficient, we find that he failed to preserve this issue. ***See*** Appellant's Brief at 11-16; ***see also*** Pa.R.A.P. 2116(a) (requiring the Statement of Questions Involved to "state concisely the issues to be resolved" and providing that "[n]o question will be considered unless it is stated in the [S]tatement of [Q]uestions [I]nvolved or is fairly suggested thereby.").

464 A.2d 1313, 1316 (Pa. Super. 1983). The doctrine bars a subsequent action when both lawsuits contain the following elements in common:

> (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties. Additionally, *res judicata* will bar subsequent claims that could have been litigated in the prior action, but which actually were not[.]

*Robinson Coal Co. v. Goodall*, 72 A.3d 685, 689 (Pa. Super. 2013) (citations and internal punctuation omitted). Moreover,

> [i]n determining whether *res judicata* should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. If the acts or transactions giving rise to causes of action are identical, there may be sufficient identity between two actions for the summary judgment in the first action to be res judicata in the second.

*Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. 1995) (*en banc*) (internal citations and quotation marks omitted).

In his second issue, Appellant claims that the trial court erred in applying the doctrine of *res judicata* because many "of the allegations in the complaint concern conduct undertaken by [Appellees] after the proceedings on the leasehold claim had concluded.[9] Appellant's Brief at 19. He argues that,

---

[9] According to the trial court's Rule 1925(a) Opinion, the court sustained the Preliminary Objections after concluding that Appellant's Amended Complaint was both legally insufficient and that the doctrine of *res judicata* barred Appellant's claims. The court did not find that the doctrine of collateral estoppel applied to bar Appellant's claims. Thus, we do not address Appellant's claim that the court erred in so ruling.

because he could not have litigated the present claims in his prior action, Appellees' *res judicata* argument must fail. *Id.*

In its Rule 1925(a) Opinion, the court undertook a thorough analysis of the prior and current actions involving the parties and concluded that *res judicata* issue preclusion barred Appellant's claims. Trial Ct. Op., at 10, 12-13. Essentially, the trial court concluded that the claims raised by Appellant in the instant action are the same as those he raised in Case 2, and which had been fully and fairly litigated in Case 2. *Id.* at 12-13. In particular, the court noted that Appellant alleged in his Counterclaim in Case 2 that GPX had breached the terms of the Lease Agreement and Settlement Agreement. Ultimately, the Case 2 jury found in favor of GPX on its Breach of Contract claims and against Appellant. Similarly, in the instant case, the gravamen of Appellant's Complaint is that GPX breached the Lease Agreement and the Settlement Agreement—the same claims Appellant raised in his Case 2 Counterclaim. The court additionally concluded that Appellant's "failure to raise all relevant claims in his Case[]2 [C]ounterclaim precluded him from filing a new action involving the same transaction and controlling issues as those raised in Case []2." *Id.* at 13.

We agree with the trial court that, given the allegations in Appellant's Case 2 Counterclaim, the disposition of that case, and the Amended Complaint in the instant action, the doctrine of *res judicata* bars Appellant's current

claims.[10]  Thus, the trial court did not err in sustaining Appellees' Preliminary Objections and dismissing Appellant's Amended Complaint.[11]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/19

---

[10] We note with displeasure that Appellant has raised the same claims here as in his prior action.

[11] In his third issue, Appellant claims the trial court erred in sustaining Appellee's Preliminary Objections on the basis of the gist of the action doctrine.  This Court's review of the trial court's Opinion indicates that the court did not, in fact, sustain the Preliminary Objections on that basis.  Thus, we decline to address the merits of Appellant's third issue.