J-A03005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALAN B. ZIEGLER AND SHIRLEY S. ZIEGLER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1170 MDA 2020 |
| ENCOMPASS INSURANCE COMPANY | : | |

Appeal from the Order Entered August 26, 2020
In the Court of Common Pleas of Berks County Civil Division at No(s):
19-04726

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:          **FILED: FEBRUARY 22, 2021**

Alan B. Ziegler[1] and Shirley S. Ziegler (Appellants) appeal from the order sustaining the preliminary objections of Encompass Insurance Company (Encompass) and dismissing Appellants' second amended complaint with prejudice.  We affirm.

The trial court summarized the case history as follows:

> In September 2006, [Appellants] contracted with defendant, Encompass Insurance Company, for an Automobile and Homeowners' Insurance policy (hereinafter, Policy). [Appellants] filed a claim for coverage for damage to their vehicle in 2019.  [Appellants] did not agree to the amount [Encompass]

---

[1] Although represented by counsel, Appellant Alan B. Ziegler is a licensed attorney and his name, attorney number and business address appears on the cover of Appellants' brief, underneath the name, attorney number and address of Appellants' counsel, John A. Fielding, III.  Appellant Alan B. Ziegler entered his appearance with this Court on December 2, 2020, and both Attorney Ziegler and Attorney Fielding signed and submitted the appellate brief.  ***See*** Appellants' Brief at 20.

agreed to provide for the damage. Subsequently, [Appellants] filed an action against [Encompass]. [Encompass] filed preliminary objections to [Appellants'] original complaint. This court sustained the preliminary objections to Count II, bad faith. [Appellants] then filed an Amended Complaint, alleging breach of contract and fraud. This court dismissed Count I, breach of contract, without prejudice and dismissed Count II, fraud, with prejudice.

The Second Amended Complaint is the subject of the Preliminary Objections at issue. There are no new allegations in this complaint, and it seeks the same relief, the entitlement to comprehensive insurance coverage rather than collision coverage. [Appellants] contended that [Encompass] refused to honor their insurance policy by offering to repair [Appellants'] vehicle with "used" parts, refusing to reimburse [Appellants] for car rental expenses during the repair of the automobile, and treating the accident as a collision instead of a comprehensive accident. [Appellants] paid $1,203.31 to have their car repaired.

Trial Court Opinion, 10/20/20, at 1-2.

Appellants filed their second amended complaint on January 27, 2020. They averred their car was damaged after becoming "stuck in the snow" in their driveway and sliding off the driveway. Second Amended Complaint at ¶ 5. Appellants claimed the damage should be covered by the comprehensive provisions of their policy with Encompass, a copy of which they attached as Exhibit A. *Id.* at ¶ 6. They further averred that Encompass owed them for the costs of new parts and rental car expenses. Appellants attached to the complaint copies of: a repair estimate dated February 5, 2019 from Genesis Automotive in the amount of $1,203.31 (Exhibit B); a check dated February 20, 2019 in the amount of $1,203.31 made payable to Genesis Automotive[2]

_____

[2] The check is written from the business account of the Law Offices of Alan B. Ziegler.

(Exhibit C), and a letter dated February 28, 2019, addressed to the attention of Mr. Terry Herzog, at Encompass Insurance Company in Wyomissing, from Appellant Alan B. Ziegler, on his firm letterhead, in which Appellants requested reimbursement in the amount of $1,103.31 (Exhibit D). *Id.* at ¶¶ 8-10.

On March 3, 2020, Encompass filed preliminary objections. The trial court sustained the preliminary objections and dismissed the second amended complaint with prejudice by order entered August 26, 2020. Appellants filed this timely appeal on September 9, 2020; they also filed a statement of errors raised on appeal on September 9, 2020. The trial court filed an opinion on October 20, 2020.

On appeal, Appellants present the following issues for review:

ARE [ENCOMPASS'S] PRELIMINARY OBJECTIONS TO APPELLANTS' ACTION FILED FOR BREACH OF CONTRACT IN THEIR SECOND AMENDED COMPLAINT BARRED BY THE LAW OF THE CASE DOCTRINE?

ARE [ENCOMPASS'S] PRELIMINARY OBJECTIONS TO APPELLANTS' ACTION FILED FOR BREACH OF CONTRACT IN THEIR SECOND AMENDED COMPLAINT BARRED BY THE DOCTRINE OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL?

HAVE APPELLANTS PLED A CAUSE OF ACTION FOR BREACH OF CONTRACT IN THEIR SECOND AMENDED COMPLAINT?

ARE [ENCOMPASS'S] PRELIMINARY OBJECTIONS TO APPELLANTS' SECOND AMENDED COMPLAINT BARRED BECAUSE THEY ARE A SPEAKING DEMURRER?

Appellants' Brief at 5.

Encompass filed preliminary objections pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4), which provides for preliminary objections based on "legal insufficiency of a pleading (demurrer)." Pa.R.C.P. 1928(a)(4).

We have explained:

[W]e are cognizant that "[a] preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001) (citing Pa.R.C.P. 1028(a)(4)).

"Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." [*Cardenas*, 783 A.2d] at 321–22. (citation omitted). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.* at 321.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Cooper v. Frankford Health Care Sys.*, 960 A.2d 134, 143–44 (Pa. Super. 2008) (quoting *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805–06 (Pa. Super. 2007), in turn quoting *Brosovic v. Nationwide Mut. Ins. Co.*, 841 A.2d 1071, 1073 (Pa. Super. 2004)). This Court will not reverse a trial court's decision to

sustain preliminary objections unless there has been an error of law or abuse of discretion. ***Cornerstone Land Dev. Co. of Pittsburgh LLC v. Wadwell Group***, 959 A.2d 1264, 1266 (Pa. Super. 2008).

***Kirschner v. K & L Gates LLP***, 46 A.3d 737, 747–48 (Pa. Super. 2012).

Upon review, we agree with Encompass's assertion that Appellants' second amended complaint raised "no new allegations, or averments of fact that differentiates it from the prior Complaints. The Second Amended Complaint, like all of [Appellants'] prior Complaints, essentially contests that [Appellants] were entitled to comprehensive insurance coverage and not collision." Preliminary Objections, at ¶ 7.

The trial court stated:

> According to the Second Amended Complaint, on January 30, 2019, [Appellants'] car was on their driveway during a snowstorm, got stuck in the snow, slid off the driveway, resulting in the automobile becoming stuck in the snow. The car sustained damage.

Trial Court Opinion, 10/20/20, at 2.

Addressing insurance coverage, the court continued:

> [Appellants] contend that their vehicle's accident should be covered as a Comprehensive Loss. In its preliminary objections, [Encompass] maintains that it denied coverage under Comprehensive Loss because it considered the accident to be a result of a collision. [Appellants'] Policy defines the following losses as comprehensive: missiles or falling objects, fire, theft or larceny, explosion or earthquake, windstorm, hail, water, or flood, malicious mischief or vandalism, riot or civil commotion, contact with bird or animal, or breakage of glass. Due to [Appellants'] failure to describe any of these specifically enumerated events that would render their accident as a comprehensive accident, [Encompass] refused to cover the accident as a comprehensive event and considered it as a collision. [Appellants'] Policy defines

collision as "the upset or contact of a covered motor vehicle or non-owned automobile with another vehicle or object."

*Id.* at 2-3.

The trial court granted preliminary objections after reviewing Appellants' second amended complaint, finding it to be legally insufficient because, *inter alia*, Appellants failed "to describe any of these specifically enumerated events that would render their accident as a comprehensive accident," as opposed to a collision. **See id.** On appeal, Appellants cite various legal concepts to circumvent the court's ruling and support their argument that the trial court erred.

First, Appellants argue the trial court failed to adhere to "the law of the case" doctrine, because the court previously dismissed Encompass's preliminary objections to Appellants' breach of contract claim raised in their first complaint. Appellants' Brief at 10. Appellants' argument is minimally developed, and consists of two paragraphs in which Appellants cite two cases which generally pertain to the law of the case doctrine. **See id.** Appellants assert "there was no change in the law or change in the facts between the filing of the Complaint and the Second Amended Complaint," such that the trial court sustaining preliminary objections after previously dismissing them "violates the law of the case." **Id.** The law does not support this argument.

> The law of the case doctrine states that a court involved in the later phases of a litigated matter should not reopen questions "decided by another judge of that same court or by a higher court in the earlier phases of the matter." **Morgan v. Petrol. Products Equip. Co.***,* 92 A.3d 823, 827 (Pa. Super. 2014). **A trial judge**

> **may always revisit h[is] own pretrial rulings without violating the law of the case doctrine.** ***Id.***

***Wright v. Misty Mountain Farm, LLC***, 125 A.3d 814, 818 (Pa. Super. 2015) (emphasis added).

Here, the trial court explained:

> The law of the case doctrine does not apply to the case *sub judice*. The "law of the case doctrine" instructs that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter. ***Kroptavich vs. PPL***, 795 A.2d 1048 (Pa. Super. 2002). [Encompass's] preliminary objections do not fall under this doctrine. This court did not sustain the preliminary objection to the breach of contract claim to allow [Appellants] an opportunity to develop their case. We now know that [Appellants] cannot sustain their burden of proof because there is no breach of contract. [Encompass] is willing to perform, but [Appellants] want more than what the Policy provides. **The decision to sustain [Encompass's] Preliminary Objection to the breach of contract claim was made after a review of the entire record and argument. The court had the ability to rule differently because [Encompass's] new preliminary objections were filed to a different complaint**.

Trial Court Opinion, 10/20/20, at 3-4 (emphasis added).

As the trial court states, its ruling was in response to a different complaint, *i.e.*, the second amended complaint. Also, in a somewhat analogous case, this Court rejected a law of the case argument and affirmed the grant of summary judgment; we addressed the coordinate jurisdiction rule and stated that the "purpose of this rule is to ensure a degree of pretrial finality so that judicial economy and efficiency can be maintained." ***Petrongola v. Comcast-Spectacor, L.P.***, 789 A.2d 204, 214 (Pa. Super. 2001) (citing ***Salerno v. Philadelphia Newspapers, Inc.,*** 546 A.2d 1168,

1170 (Pa. Super. 1988). We recognized "the failure to present a cause of action upon which relief may be granted may be raised at any time." *Id.* "However, a later motion should not be entertained or granted when a motion of the same kind has previously been denied, **unless intervening changes in the facts or law clearly warrant a new look at the question**." *Id.* (citations omitted, emphasis added). We explained:

> When the trial court denied Appellees' motion for judgment on the pleadings it had only the complaint and answer on which to base its decision. Contrary to Appellant's assertion, the trial court had a plethora of new information when it considered the parties' motions for summary judgment. . . . The benefit of this additional information . . . made clear Appellees did not have a duty to protect Appellant under the circumstances.

*Petrongola*, 789 A.2d at 215 (footnote omitted).

Here, the trial court explained its decision to sustain Encompass's preliminary objections to the breach of contract claim "was made after a review of the entire record and argument." Trial Court Opinion, 10/20/20, at 4. It also "had the ability to rule differently" because Encompass's "new preliminary objections were filed to a different complaint." *Id.* In sum, neither the record nor the law supports Appellants' first issue.

In their second issue, Appellants again state, "there was no change of law or change of facts between Count I of the Appellants' Complaint and Count I of Appellants' Second Amended Complaint." Appellants' Brief at 11. They assert the trial court erred in sustaining Encompass's preliminary objections

to Appellants' breach of contract claim because the preliminary objections were barred by res judicata and collateral estoppel. *See id.*

With regard to these related legal concepts, we have explained that res judicata bars a subsequent action when both lawsuits contain the following elements in common:

> (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties. Additionally, res judicata will bar subsequent claims that could have been litigated in the prior action, but which actually were not[.]

*Robinson Coal Co. v. Goodall*, 72 A.3d 685, 689 (Pa. Super. 2013) (citations omitted). The doctrine of collateral estoppel, on the other hand, applies if:

> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Chada v. Chada*, 756 A.2d 39, 42–43 (Pa. Super. 2000).

The law is clear — and both the trial court and Encompass emphasize — that res judicata and collateral estoppel require final judgment and the filing of separate lawsuits. *See* Trial Court Opinion, 10/20/20, at 4; *see also* Encompass's Brief at 14 ("By definition, both res judicata and collateral estoppel require the filing of two separate lawsuits in which a party attempts to re-litigate in the second suit a decision reached in the first suit."). As Encompass states, "the decisions issued by the [t]rial [c]ourt were rendered

*in the same case.*" *Id.* at 15 (italics in original). Thus, there is no merit to Appellants' second issue.

In their third issue, Appellants make the substantive argument that the court erred in sustaining Encompass's preliminary objections because the second amended complaint, viewed in the light most favorable to Appellants as the non-moving party, pled facts sufficient to establish Appellants' breach of contract claim. Appellants' Brief at 16.

Encompass counters that "the parties' dispute centers on whether the damages . . . were the result of a collision or constitute a comprehensive loss under the parties' insurance contract." Encompass's Brief at 18. Noting the trial court found that Appellants rejected Encompass's offer to provide collision coverage, Encompass contends, "the only issue is whether the [t]rial [c]ourt properly concluded that [Encompass] did not breach the contract when it offered to pay [Appellants'] claim as a collision loss." *Id.* at 18-19 (footnote omitted).

Encompass cites well-settled law that "interpretation of an insurance contract is a question of law for the court." *Id.* at 19. We reiterate that we are limited to reviewing only the pleadings and documents attached thereto, and we must accept as true every allegation of Appellants' complaint, and grant them all favorable inferences derived from those contentions. *See, e.g., Weiley v. Albert Einstein Med. Ctr.,* 51 A.3d 202, 208 (Pa. Super. 2012).

Appellants argue that the trial court sustained preliminary objections based on a "fatally flawed" analysis of the contract language; they assert, "since the insured vehicle was, under the pleadings in this case, not damaged in a 'collision' as defined under the insurance policy, the accident falls under the definition of 'Comprehensive.'"  Appellants' Brief at 17-18.

The language relevant to Appellants' breach of contract claim is set forth on the second page of the parties' policy, which states:

**Definitions**

Throughout this **"MOTOR VEHICLE"** Segment, when the following words appear in bold type, they are defined as follows:

. . .

5. **Collision** means the upset or contact of a covered **motor vehicle** or **non-owned automobile** with another vehicle or object.

If breakage of glass is caused by a **collision**, the **covered person** may elect to have it considered a loss caused by **collision**.

6. **Comprehensive** means loss caused by an **accident** other than **collision**, to a covered **motor vehicle** or **non-owned automobile**.

Loss caused by the following is considered **comprehensive**:

a.    Missiles or falling objects;
b.    Fire;
c.    **Theft** or larceny;
d.    Explosion or earthquake;
e.    Windstorm;
f.    Hail, water or flood;
g.    Malicious mischief or vandalism;
h.    Riot or civil commotion;
i.    Contact with bird or animal; or

j.      Breakage of glass.

Exhibit A at 2 (unnumbered, bold in original).

We determine the intentions of the parties from their objective manifestations. **Warren v. Greenfield**, 595 A.2d 1308, 1311 (Pa. Super. 1991); **Ingrassia Constr. Co. v. Walsh**, 486 A.2d 478, 483 (Pa. Super. 1984). A contract is not ambiguous simply because the parties offer different interpretations of the language. **Riccio v. American Republic Ins. Co.**, 683 A.2d 1226 (Pa. Super. 1996). Under the "plain meaning" rule, the court must interpret the terms as manifestly expressed in the contract, rather than as silently intended by a party. **Steuart v. McChesney**, 444 A.2d 659, 661 (Pa. 1982).

Here, the insurance policy states that comprehensive coverage "means loss caused by an accident other than collision."[3] Exhibit A at ¶ 6. Collision is expressly defined as "the upset or contact of a covered motor vehicle . . . with another vehicle or object." **Id.** at ¶ 5. Thus, Encompass correctly states that "for the occurrence described in [Appellants'] Second Amended Complaint to be considered a comprehensive loss, it must first be determined that the occurrence does not constitute a collision." Encompass's Brief at 21.

---

[3] Notably, the weather-related events included in the policy's definition of comprehensive coverage includes earthquakes, windstorms, hail, water and flood, but does not mention snow or ice.

- 12 -

Appellants contend the occurrence does not constitute a collision because "the vehicle did not flip over so it was not upset. Appellants' vehicle was not damaged by a collision with 'another vehicle or object.'" Appellants' Brief at 17.

In their first complaint, Appellants stated the facts as follows:

On or about January 30, 3019, [Appellant's] car was on their driveway during a snowstorm, initially got stuck in the snow and, when being moved, slid off the driveway, resulting in the vehicle becoming stuck in the snow off the driveway and resulting in damage to the car.

Complaint, 4/23/19, at ¶ 6.

In their first amended complaint, they made the same averment:

On or about January 30, 3019, [Appellant's] car was on their driveway during a snowstorm, initially got stuck in the snow and, when being moved, slid off the driveway, resulting in the vehicle becoming stuck in the snow off the driveway and resulting in damage to the car.

Amended Complaint, 8/5/19, at ¶ 6.

In their second amended complaint, which was the third rendition, Appellants echoed the same statement of facts:

On or about January 30, 3019, [Appellant's] car was on their driveway during a snowstorm, initially got stuck in the snow and, when being moved, slid off the driveway, resulting in the vehicle becoming stuck in the snow off the driveway and resulting in damage to the car.

Second Amended Complaint at ¶ 5.

In finding the facts insufficient to support Appellants' breach of contract claim, the trial court reasoned:

After three attempts, [Appellants] still have not pled sufficient facts to establish defendant's breach of contract. [Appellants] established that while operating their vehicle at the time of the crash, their vehicle went off the driveway and made contact with some object that may have been either a snowbank or a gully. [Encompass] considered this accident to have been the result of a collision. [Appellants] wanted the damage covered as a comprehensive loss, which provided better damages. However, the accident does not fit the definition of comprehensive loss [under the] Policy because it was not due to "any injury from missiles or flying objects, fire, theft or larceny, explosion or earthquake, windstorm, hail, water or flood, malicious mischief or vandalism, riot or civil commotion, contact with a bird or animal or breakage of glass." [Appellants'] accident was truly a collision: "the upset or contact of a covered motor vehicle with another vehicle or object." There cannot be a breach of contract by an insurance company when it refuses to pay damages that are not covered under a particular section of an insurance policy but is willing to pay the damages under the pertinent section of the policy.

Trial Court Opinion, 10/20/20, at 4-5.

We have repeatedly stated that in an appeal from the grant of preliminary objections in the nature of a demurrer, "we accept as true all well-pleaded material facts in the complaint, **as well as all reasonable inferences deducible therefrom**." *See, e.g., Albert v. Erie Ins. Exch.*, 65 A.3d 923, 928 (Pa. Super. 2013) (emphasis added). Here, the trial court made the reasonable inference, based on Appellants' pithy summary of the facts, *i.e.*, their car "got stuck in the snow . . . when being moved," that Appellants were operating the car. The court also reasonably inferred from Appellants' statement — "when being moved, [the car] slid off the driveway, resulting in the vehicle becoming stuck in the snow off the driveway and resulting in damage to the car" — that the car "made contact with some

- 14 -

object." Trial Court Opinion, 10/20/20, at 5. The facts pled by Appellants, along with the trial court's reasonable inferences, support a finding that the car's damages were the result of a collision, and not eligible for comprehensive coverage.

In their final issue, Appellants assert the trial court erred in sustaining Encompass's preliminary objections because Encompass improperly included in the preliminary objections "a speaking demurrer." Appellants' Brief at 19.

A speaking demurrer "requires the aid of a fact not appearing on the face of the pleading objected to . . . which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading." *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black's law Dictionary 299 (6th ed. 1991)). In sustaining a preliminary objection, the court may not consider speaking demurrers. *See id.*

In disputing this claim, Encompass correctly states:

> A review of [the] Preliminary Objections to [Appellants'] Second Amended Complaint clearly demonstrates that [Encompass's] argument was based solely on the contents of the Second Amended Complaint and its attachments: that the facts alleged in the Second Amended Complaint are insufficient to establish a *prima facie* breach of contract action. The Trial Court, moreover, confirms that its decision was based on consideration of the facts alleged in the Second Amended Complaint.
>
> Because [Encompass] did not attach anything other than the pleadings to its Preliminary Objections and neither [its] argument nor the [t]rial [c]ourt's decision was based on anything

besides the allegations contained in [Appellants'] Second Amended Complaint, [Encompass's] objection was not a speaking demurrer.

Encompass's Brief at 26-27 (citation to footnote omitted).

More succinctly, the trial court states that Encompass "properly annexed [the insurance policy] to their preliminary objections . . . and there was no issue of a speaking demurrer." Trial Court Opinion, 10/20/20, at 5. Encompass and the trial court are correct; therefore, this issue lacks merit.

For the above reasons, and consistent with **Kirschner**, **supra**, we discern no error of law or abuse of discretion which would warrant reversal of the trial court's order sustaining preliminary objections and dismissing Appellants' second amended complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/22/2021